# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-1128
LT Case No. 2021-DR-573

_____

MOFOLUSO O. MURNANE,

    Appellant,

    v.

SEAN P. MURNANE,

    Appellee.

_____

On appeal from the Circuit Court for Seminole County.
Michael J. Rudisill, Judge.

Andrew T. Windle, of The Windle Family Law Firm, P.A.,
Orlando, for Appellant.

Brandon Tyson, of Tyson Law Firm, LLC, Winter Park, for
Appellee.

May 2, 2025

PER CURIAM.

    In this dissolution of marriage case, Mofoluso O. Murnane
("Former Wife") appeals the trial court's final judgment, claiming
it contains several errors of law and fact that require reversal.
Sean P. Murnane ("Former Husband") also cross-appeals two of
the trial court's rulings. We agree as to four of Former Wife's

claimed errors presented for appellate review and deny relief of the other errors alleged by both parties without further comment.

*Summer Break Timesharing Schedule*

"A trial court has broad discretion in timesharing matters and its decision is reviewed for an abuse of that discretion. The timesharing plan will be affirmed if there is competent, substantial evidence to support the decision and reasonable people could differ with respect to the trial court's decision." *Tucker v. Tucker*, 375 So. 3d 323, 325 (Fla. 5th DCA 2023) (internal citations omitted).

Former Wife takes issue with the trial court's parenting plan, arguing on appeal that the summer break schedule, which gives both parents the ability to take two consecutive or separate weeks of vacation with the children "adds confusion, and begs for chaos." In relevant part, the trial court provided that during summer break, "[t]he parents shall follow the ordinary time-share schedule as set forth more fully herein. However, during the summer break from school, each parent may enjoy time-share for up to two (2) consecutive weeks for vacation purposes. These weeks may be enjoyed consecutively *or separately*." As highlighted, the trial court's order creates an inconsistency by allowing for two consecutive weeks for vacation purposes but allows for the two weeks to be either consecutively or separately scheduled.

Former Wife contends that under at least one interpretation, the trial court's directive could result in one parent having up to five consecutive weeks of timesharing with the children due to the standard "week on week off" schedule the parties are to follow. To the extent that the trial court's instructions can be interpreted in multiple ways, thus leading to confusion, we agree with Former Wife. Therefore, we remand this issue to the trial court to clarify its directions on how the parties are to share time with the children during summer breaks.

*Child Support Calculations*

In the parenting plan, the trial court provided that "[t]he parents shall each claim one child as their tax credit/deduction/exemption for all [IRS] tax purposes." Yet the

final child support guidelines worksheet reflects that Former Wife is to claim the child tax credit for both children. Further, the trial court found that Former Wife is paying $254.00 for the children's health insurance. Upon further review, this amount is not accurately reflected in the final child support guidelines worksheet or income attachment. Former Husband concedes both errors. We reverse these findings and remand to the trial court to recalculate the proper amount of child support based on the proper allocation of available child tax credits and Former Wife's contribution to the children's health insurance.

*Spousal Support Arrears*

In the Final Judgment, the trial court denied Former Husband's alimony claim but later found that "Wife owes to the Husband the sum of $8,719.00 in child support and spousal support arrears." Former Husband does not challenge the denial of alimony on appeal and concedes that the assessment of spousal support arrears was in error. Thus, we reverse this matter and remand it to the trial court to calculate the proper amount of child support arrears Former Wife owes to Former Husband.

*Retirement Account Valuations*

"We review the trial court's equitable distribution decisions for abuse of discretion and examine its valuation of marital assets to determine whether it is supported by competent, substantial evidence." *Dravis v. Dravis*, 170 So. 3d 849, 853 (Fla. 2d DCA 2015).

Former Husband entered the marriage with various retirement accounts, two of which were referred to as Fidelity #9361 and TD Roth IRA #3747 in the trial court's final judgment. Former Wife contests the trial court's valuations of these two accounts. We agree with Former Wife and find that the valuations were not supported by competent, substantial evidence. The record on appeal is devoid of the source of the account valuations beyond Former Husband's equitable distribution worksheet filed towards the end of the proceedings. We reverse and remand this issue to allow for the submission of evidence that supports the value of the accounts while the trial court proceedings were ongoing,

3

recognizing that "[t]he date for determining value of assets . . . is the date or dates as the judge determines is just and equitable under the circumstances." § 61.075(7), Fla. Stat. (2024). The trial court shall then recalculate equitable distribution using the supported valuations.

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

MAKAR, JAY, and PRATT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

4